IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00079–PAB–KMT

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Plaintiff,

v.

INTRAWEST ULC f/k/a INTRAWEST CORPORATION,
FEDERAL INSURANCE COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and
CONTINENTAL CASUALTY COMPANY,

    Defendants.

## ORDER

    This matter is before the court on "Defendant Federal Insurance Company's Motion for Leave to File Amended Answer and Counterclaims" (Doc. No. 81, filed June 20, 2013). No responses or replies have been filed.

    A Court must heed Federal Rule of Civil Procedure 15's mandate that the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The grant or denial of leave to amend is committed to the discretion of the district court. *See Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded

an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.  Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman*, 371 U.S. at 182.

      Defendant Federal Insurance Company seeks to amend its answer and counterclaims to assert counterclaims seeking reimbursement of sums recently committed in settlement of claims that should fall within the primary layer of insurance coverage underwritten by Plaintiff.  Defendant explains that, at the time of the filing of their Answer, Federal had not yet paid or committed to pay any sums that would have fallen within the primary layer of the OCIP insured by Plaintiff.  Recently, however, Federal committed to pay certain sums in settlement of claims against insureds thereunder in connection with a civil action styled *Eagle Run at Juniper Springs Owners Association v. Upper Bench Development Corporation, et al.*, Case No. 16960 (the "Eagle Run Lawsuit"), pending in Mono County Superior Court in Mono County, California.  The relevant sums are due, according to the settlement agreement entered therein, on or before July 16, 2013.  Once those sums have been paid, Federal will have an actual financial interest in pursuit of claims for reimbursement arising under Colorado's doctrine of equitable subrogation and related theories of recovery and causes of action.  Defendant also seeks to amend to assert affirmative defenses of equitable reformation and judicial reformation premised upon the reasonable expectations doctrine and the doctrines of equitable and promissory estoppel.

      This court set the deadline for amendment of pleadings at June 20, 2013.  (Doc. No. 67.)  Thus, the motion is timely.  The court has reviewed Defendant's motion to amend and proposed

amended answer and counterclaims the finds no evidence of undue delay, undue prejudice, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. Moreover, the motion is unopposed.

Accordingly, it is

**ORDERED** that "Defendant Federal Insurance Company's Motion for Leave to File Amended Answer and Counterclaims" (Doc. No. 81) is **GRANTED**. Defendant Federal Insurance Company shall file its Amended Answer in Opposition to Plaintiff's Complaint for Declaratory Judgment and Counterclaims for Reimbursement no later than October 7, 2013.

Dated this 2nd day of October, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge