IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00079–PAB–KMT


NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

     Plaintiff,

v.

INTRAWEST ULC f/k/a INTRAWEST CORPORATION,
FEDERAL INSURANCE COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and
CONTINENTAL CASUALTY COMPANY,

     Defendants.

---

# ORDER

---

     This matter is before the court on "Defendant Intrawest, ULC's Motion for Leave to File Third Party Complaint" (Doc. No. 79, filed June 20, 2013) and "Defendant Intrawests ULC's Motion for Leave to Amend" (Doc. No. 80, filed June 20, 2013).  No responses or replies have been filed.

***Motion to Amend***

     A Court must heed Federal Rule of Civil Procedure 15's mandate that the Court should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).  The grant or denial of leave to amend is committed to the

discretion of the district court. *See Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman*, 371 U.S. at 182.

Defendant Intrawest seeks to amend its responsive pleading to assert counterclaims against Plaintiff National Union Fire Insurance Company of Pittsburth, PA. (*See* Doc. No. 80) This court set the deadline for amendment of pleadings at June 20, 2013. (Doc. No. 67.) Thus, the motion to amend is timely. The court has reviewed Defendant's motion to amend and the proposed Counterclaim and finds no evidence of undue delay, undue prejudice, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. Moreover, the motion is unopposed. Therefore, the motion to amend is granted.

### *Motion to File Third Party Complaint*

Federal Rule of Civil Procedure 14(a) governs third-party practice in federal court. The rule states, in relevant part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).

"The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interests of judicial economy." *Patten v. Knutzen*, 646 F.Supp. 427, 429 (D. Colo. 1986).  A timely motion for leave to implead a third party should be freely granted unless doing so "would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Falcone v. MarineMax, Inc.*, 659 F.Supp.2d 394, 401 (E.D.N.Y.2009) (internal citations omitted).  The right to implead third parties rests within the sound discretion of the district court.  *Id.* (internal citations omitted).

Defendant seeks leave to file a third party complaint against Willis North America, Inc. f/k/a Willis Corroon Corporation, Willis North America, Inc. f/k/a Willis Corroon Corporation, Willis of New York, Inc., Willis Insurance Brokerage of Utah, Inc., Willis of New Jersey, Inc., Willis Construction Services Corporation of New Jersey f/k/a Willis Corroon Construction Services Corporation of New Jersey, Willis Corroon Construction Services Corporation of Connecticut, Willis Corroon Construction Services Corporation, Willis of New Hampshire, Inc. f/k/a Willis Corroon Corporation of New Hampshire, Willis of Massachusetts, Inc., and John Doe Willis Entity ( Willis).  (*See* Doc. No. 79.)  Defendant explains that Willis is the insurance broker who procured the National Union OCIP Policies for Intrawest.  (*Id.*)  Defendant asserts that, if National Union s interpretation of the OCIP Policies is correct with regard to the limits of insurance, then Willis was negligent and committed various other torts in failing to procure the policies Intrawest requested and/or in misrepresenting the terms of the policies Willis procured for Intrawest.  (*Id.*, ¶ 4.)  Defendant argues that Intrawest's claims against Willis share legal and

factual issues in common with National Union s claim against Intrawest concerning the limits available under the National Union Policies.  (*Id.*)

Plaintiff does not oppose the motion.  There has been no showing of, and the court does not find that granting leave to file a Third Party Complaint would prejudice Plaintiff or unduly complicate the trial.  Indeed, ample time for discovery still exists and a trial date has not yet been set.

Finally, the court acknowledges that a third-party complaint under Rule 14(a) may be asserted only "when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." *Saine v. A.I.A., Inc.*, 582 F.Supp. 1299, 1309 (D. Colo. 1984).  Although it at least facially appears that Defendant's Third Party Complaint fulfills this standard, the court reserves any evaluation of the validity of Defendant's third-party claims against Willis until the operative third-party complaint is in place and Willis is added as a third-party.  *Cf. General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07–cv–01145–DME–KMT, 2008 WL 2520423, at *4 (D.Colo.2008) (noting that the sufficiency of a claim is better addressed by a Rule 12 motion after the operative complaint is in place, rather than on consideration of a Rule 15(a) motion to amend the pleadings).

Accordingly, it is

**ORDERED** that "Defendant Intrawest, ULC's Motion for Leave to File Third Party Complaint" (Doc. No. 79) and "Defendant Intrawests ULC's Motion for Leave to Amend" (Doc. No. 80) are **GRANTED**.  Defendant Intrawest ULC shall file its Third Party Complaint and its Counterclaim no later than November 19, 2013.

Dated this 15th day of November, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge