IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00079–PAB–KMT

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Plaintiff,

v.

INTRAWEST ULC f/k/a INTRAWEST CORPORATION,
FEDERAL INSURANCE COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and
CONTINENTAL CASUALTY COMPANY,

    Defendants.

**ORDER**

This matter is before the court on Intrawest U.S. Holdings, Inc., Intrawest Resorts, Inc., Upper Bench Development Corporation, Intrawest California Holdings, Inc., Sierra Three Star Development Corporation, The Stratton Corporation, and Intrawest Stratton Development Corporation's ("Intervenors") "Motion to Intervene Under Rule 24" (Doc. No. 51 [Mot.], filed April 29, 2013). Plaintiff filed its response in opposition on May 20, 2013 (Doc. No. 73 [Resp.]), and the Intervenors filed their reply on June 13, 2013 (Doc. No. 78 [Reply]). This motion is ripe for ruling.

## FACTS

In the Complaint, Plaintiff seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that the extent of insurance coverage it provides under an Owner Controlled Insurance Program (the "OCIP Program") to Intrawest and all insureds is collectively $5,000,000. (Doc. No. 1, ¶ 1.)

The Intervenors are insureds under the OCIP and claim they have significant interests in the outcome of this litigation. The Intervenors developed various projects covered by the OCIP in Vermont, California, and Colorado or were parent companies to the developers of various projects. The Intervenors claim at least two substantial interests in this litigation. First, the Intervenors explain that each of the projects developed by the California and Vermont entities is the subject of litigation in the respective jurisdictions. Each of those projects was enrolled in the OCIP. Each entity claims entitlement to proceeds under the National Union policies. The collective benefits to which these entities are entitled substantially exceed $5,000,000. Thus, each entity has as material interest in the outcome of National Union s request for declaratory relief, which seeks to limit the total insurance available for all projects to $5,000,000. Second, the Intervenors seek to assert breach of contract and bad faith claims against National Union. (*See* Mot., Ex. A.)

## ANALYSIS

1.  *Legal Standard*

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the court must permit intervention as of right to anyone who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Under Tenth Circuit law interpreting this rule, "an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. B.P. Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

Further, the Tenth Circuit "follows a somewhat liberal line in allowing intervention." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001). "[T]he factors mentioned in the Rule are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation. Those factors are not rigid, technical requirements." *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007). Thus, "[i]ntervention should be granted of right if the interests favoring intervention outweigh those opposed." *Id.*

Federal Rule of Civil Procedure 24(b)(1)(B) provides that, on timely motion, the court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The decision whether or not to grant a motion for permissive intervention is within the district court's sound discretion. *See, e.g., City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996). In

exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### *2. Evaluation*

The Intervenors argue that they are entitled to intervention as of right and that permissive intervention is appropriate. (Mot. at 6–11.) Plaintiff argues that the Intervenors are not entitled to intervention as of right and their motion for permissive intervention should be denied. (Resp. Intrawest Mot. at 3–10.)

#### *a. Intervention as of Right*

##### *1. Timeliness*

Plaintiff does not dispute that the motion to intervene is timely. This action was filed on January 14, 2013 (Doc. No. 1), and the motion was filed just over three months later, on April 29, 2013. The court finds that the motion is timely filed.

##### *2. Interest Relating to the Property or Transaction That Is the Subject of this Action*

"Under rule 24(a)(2), the applicants must claim . . . an interest relating to the property or transaction which is the subject of the action." *Utah Assoc. of Counties*, 255 F.3d at 1250 (internal quotation marks omitted). "The Tenth Circuit requires that the interest be 'direct, substantial, and legally protectable.' " *Forest Guardians v. U.S. Dep't of Interior*, No. CIV-02-1003 JB/WDS, 2004 WL 3426413, at *5 (D.N.M. Jan. 12, 2004). "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may

be based on an interest that is contingent upon the outcome of the litigation." *San Juan Cnty., Utah v. United States*, 503 F.3d at 1203.

The Intervenors argue they have a strong interest in the funds available under National Union's policies as well as a interest in the contracts comprising the OCIP policies. Specifically, the Intervenors argue they have a material interest in the limits available under the National Union OCIP Policies because each of the Intervenors has an active claim for coverage from National Union that National Union has refused to cover unqualifiedly. The Intervenors also argue they have bad faith and other claims against National Union arising from National Union's alleged mishandling of the OCIP.

The court agrees that the Intervenors' active claims to the insurance proceeds are adequate to establish an interest in the subject of the litigation and that the threat of economic injury resulting from an adverse decision in this case states the requisite interest under Rule 24(a)(2).

### 2. *Danger That Interest May Be Impaired or Impeded*

"To satisfy the impairment element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Wildearth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009) (quoting *Utah Ass'n of Counties v. Clinton*, 255 F.3d at 1253).

The Intervenors argue that if they are not permitted to intervene in this lawsuit, they will be forced to file lawsuits across the country addressing similar issues. The Intervenors also argue that individual lawsuits would require duplication of discovery for all parties, and could

result in conflicting decisions on the same or substantially similar issues. The Intervenors assert they would be prejudiced if their motion to intervene is denied.

Plaintiff argues that the added discovery based on these separate and discrete issues will significantly delay the resolution of the OCIP limits issue currently before the court. Plaintiff also argues the parties to this lawsuit will be prejudiced by the unnecessary delay caused by this additional discovery. However, the court notes that there are multiple pending motions, including motions to dismiss and for summary judgment and discovery motions, including motions to stay, that have not been ruled on. Moreover, the discovery and dispositive motions deadlines have not passed, and to the extent the parties need additional discovery due to intervention, the parties may move to extend those deadlines.

The court finds that the prejudice or impairment to the Intervenors outweighs any potential prejudice to the Plaintiff.

### 3. *Adequate Representation by Existing Parties*

Finally, the Intervenors argue that the existing parties cannot adequately represent the Intervenors' interests in this litigation.

"Even if an applicant satisfies the other requirements of Rule 24(a)(2), it is not entitled to intervene if its 'interest is adequately represented by existing parties.' " *San Juan Cnty.*, 503 F.3d at 1203. The Tenth Circuit has recognized a general presumption that "representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties." *Id.* at 1204 (citing *City of Stilwell*, 79 F.3d at 1042) (internal quotations omitted). "An intervenor need only show the possibility of inadequate representation." *Wildearth Guardians*,

573 F.3d at 996. The burden is minimal; "[t]he possibility of divergence of interest need not be great in order to satisfy the burden of the applicants." *Id.* (citing *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 844–45 (10th Cir. 1996)); *see also San Juan Cnty.*, 503 F.3d at 1203 ("a prospective intervenor need make only a minimal showing to establish that its interests are not adequately represented by existing parties").

The Intervenors argue Intrawest ULC cannot represent the Intervenors' interests because Intrawest ULC may lack standing to bring the relevant counterclaims against National Union because Intrawest ULC is not the entity that developed any of the projects at issue and it is not a defendant in any of the actions for which the Intervenors seek defense and indemnity.

Citing *Pujol v. Shearson American Exp. Inc.*, 877 F. 2d 132, 135 (1st Cir. 1989), Plaintiff argues that subsidiaries of parent corporations are adequately represented by their parent company. Plaintiff also argues that there can be no claim that the Intervenors will not be adequately represented by Intrawest because they will be represented by identical counsel.

The Intervenors argue that Intrawest ULC and the Intervenors have common interests on the policy limits issue, but that the Intervenors have separate and additional interests that Intrawest ULC may not be able to bring because each Intervenor is a separate legal entity and the various Intervenors developed the projects at issue and are the insureds entitled to the proceeds under the OCIP Policies. "When the intervenor's interests are similar—but not identical—to those of party, however, intervention should generally be allowed unless it is clear that the party will provide adequate representation for the absent intervenor." *Sun Const. Co., Inc. v. Torix*

*General Contractors, LLC*, Civil No. 07–cv–01355–LTB, 2007 WL 4178505, at *3 (D. Colo. Nov. 26, 2007) (citing 7C Wright, Miller & Kane, Federal Practice and Procedure § 1909 ("[A]ll reasonable doubts should be resolved in favor of allowing the absentee, who has an interest different from that of any existing party, to intervene so that the absentee may be heard in his own behalf.")). Here, because the Intervenors' interests are similar, but not identical, to those of the parties, intervention should be allowed.

*3.    Conclusion*

Accordingly the court finds that the interests favoring intervention outweigh those opposed," *San Juan Cnty., Utah*, 503 F.3d at 1195, and the Intervenors have sufficiently demonstrated they are entitled to intervention as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). Therefore, the court

**ORDERS** that the "Motion to Intervene Under Rule 24" (Doc. No. 51) is **GRANTED**. The Clerk shall file the "Complaint in Intervention Against National Union Fire Insurance Company of Pittsburgh, PA" (Doc. No. 51-1).

Dated this 18th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge