IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00079-PAB-KMT

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Plaintiff and Intervenor Defendant,

v.

INTRAWEST ULC f/k/a Intrawest Corporation,
FEDERAL INSURANCE COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and
CONTINENTAL CASUALTY COMPANY,

    Defendants,

INTRAWEST ULC f/k/a INTRAWEST CORPORATION,

    Third Party Plaintiff,

v.

WILLIS NORTH AMERICA, INC. f/k/a Willis Corroon Corporation,
WILLIS OF NEW YORK, INC.,
WILLIS INSURANCE BROKERAGE OF UTAH, INC.,
WILLIS OF NEW JERSEY, INC.,
WILLIS CONSTRUCTION SERVICES CORPORATION OF NEW JERSEY f/k/a Willis Corroon Construction Services Corporation of New Jersey,
WILLIS CORROON CONSTRUCTION SERVICES CORPORATION OF CONNECTICUT,
WILLIS CORROON CONSTRUCTION SERVICES CORPORATION,
WILLIS OF NEW HAMPSHIRE, INC. f/k/a Willis Corroon Corporation of New Hampshire,
WILLIS OF MASSACHUSETTS, INC., and
JOHN DOE WILLIS ENTITY,

    Third Party Defendants

and

INTRAWEST U.S. HOLDINGS INC.,
INTRAWEST RESORTS, INC.,
UPPER BENCH DEVELOPMENT CORPORATION,

INTRAWEST CALIFORNIA HOLDINGS, INC.,
SIERRA STAR THREE DEVELOPMENT CORPORATION,
THE STRATTON CORPORATION, and
INTRAWEST STRATTON DEVELOPMENT CORPORATION,

    Intervenor Plaintiffs.

## ORDER

This matter is before the Court on Defendants National Fire Insurance Company of Hartford's and Continental Casualty Company's Motion to Dismiss Pursuant to Rule 12(b)(7), or to Stay, Abstain, and/or Transfer the Litigation to the Vermont District [Docket No. 15] filed by defendants National Fire Insurance Company of Hartford and Continental Casualty Company (collectively the "CNA defendants").

### I. BACKGROUND

This action arises out of an insurance coverage dispute. Intrawest ULC, f/k/a Intrawest Corporation ("Intrawest") and its affiliates develop ski resorts in the United States and Canada. Docket No. 1 at 4, ¶ 10. Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Intrawest entered into an indemnity agreement. *Id.* at 6, ¶¶ 18-20. Pursuant to the indemnity agreement, National Union issued five commercial general liability insurance policies (the "National Union policies"). *Id.* at 8, ¶ 25. National Union and Intrawest entered into two Paid Loss Addendum and Policy and Funding Schedules ("Paid Loss Addenda"). *Id.* at 7, ¶ 22. National Union alleges that the Paid Loss Addenda placed a $5,000,000 Completed Operations Aggregate limit on coverage for all projects. *Id.* at 7, ¶ 24.

Beginning in 1998, Intrawest and its affiliates began developing a number of ski

resort properties. *Id.* at 4, ¶ 11. Various homeowners associations instituted claims and lawsuits against Intrawest and its affiliates seeking compensation for property damage allegedly caused by construction defects. *Id.* at 4, ¶ 12. At least seven lawsuits were commenced in the United States and Canada against Intrawest, its affiliates, general contractors, and subcontractors. *Id.* at 4, ¶ 13. Although not brought directly against Intrawest or its affiliates, at least three other lawsuits have been filed that potentially implicate coverage under the National Union policies. *Id.* at 5, ¶ 15. The claims all relate to allegations of faulty construction and design. *Id.* at 5-6, ¶ 16. Intrawest denies that such claims have any merit. Docket No. 37 at 8, ¶ 16.

On October 25, 2010, Engelberth Construction, Inc. ("Engelberth") and the CNA defendants filed an action against National Union in the United States District Court for the District of Vermont seeking damages for breach of contract and unjust enrichment and seeking a declaratory judgment that (a) Engelberth is covered as an additional insured under the National Union policies and (b) the CNA defendants are entitled to reimbursement of costs incurred in defending Engelberth. *Engelberth Constr., Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA*, No. 10-cv-00259 (D. Vt.) (Docket No. 1 at 1; Docket No. 56 at 11, ¶¶ 45-47); Docket No. 15 at 4; Docket No. 41 at 3. In August 2012, the parties in the District of Vermont action reached a partial settlement, agreeing to allocate a percentage of money for current and future defense and indemnity costs. Docket No. 15 at 4-5.

On January 14, 2013, National Union filed the instant case seeking a declaratory judgment that the National Union policies' aggregate limit is $5,000,000 and that, upon

paying the aggregate limit, National Union's obligations under the National Union policies are satisfied.  Docket No. 1 at 11-12.  On March 4, 2013, the CNA defendants filed a motion pursuant to Fed. R. Civ. P. 12(b)(7) seeking to dismiss this action or, in the alternative, to stay, abstain, or transfer the litigation to the District of Vermont.  Docket No. 15 at 1.  National Union, Intrawest, and defendant Federal Insurance Company ("Federal Insurance") each filed briefs in opposition to the CNA defendants' motion.  *See* Docket Nos. 39-41.  The CNA defendants argue that National Union's failure to join interested parties warrants dismissal of this case.  Docket No. 15 at 11.  The CNA defendants also argue that the relief granted in this case could be inconsistent with the relief granted in the then-pending District of Vermont action.  *Id.* at 12-13.

Several events relevant to resolving the CNA defendants' motion have since taken place.  On October 11, 2013, parties in the District of Vermont action stipulated to the dismissal of all claims related to defense obligations with prejudice and to the dismissal of all claims related to indemnity obligations without prejudice.  *Engelberth Constr.*, No. 10-cv-00259 (D. Vt.) (Docket No. 194).  On October 17, 2013, the District of Vermont action was closed.  On November 19, 2013, Intrawest filed a third party complaint in this case against Willis North America, Inc. f/k/a Willis Corroon Corporation and its affiliates.  Docket No. 136.  On February 6, 2014, Engelberth, who had previously sought to intervene in this action, withdrew its motion to intervene.  Docket No. 195.  On February 18, 2014, the magistrate judge granted a motion to intervene filed by U.S. Holdings, Inc., Intrawest Resorts, Inc., Upper Bench Development Corporation, Intrawest California Holdings, Inc., Sierra Three Star Development

4

Corporation, the Stratton Corporation, and Intrawest Stratton Development Corporation. Docket No. 204. The magistrate judge found that the intervenors sufficiently established an interest in the subject of the litigation, that the prejudice or impairment to the intervenors outweighed any potential prejudice to plaintiff, and that the intervenors' interests were similar, but not identical, to those of the defendants. *Id.* at 6-9.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(7) allows for the dismissal of a case if a party fails to join a required party under Rule 19 of the Federal Rules of Civil Procedure. In order to dismiss a case pursuant to Rule 12(b)(7), the Court must find that (1) the party is a required person under Rule 19(a), (2) joinder of the party is infeasible under Rule 19(b), and (3) dismissal is appropriate.[1]

"The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band of Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994); *see also* 5C Charles Alan Wright et al., *Federal Practice & Procedure*, § 1359 (3d ed. 2003) ("In reviewing a Rule 12(b)(7) motion, a court must accept all factual allegations in the complaint as true"). The moving party may satisfy this burden by providing "affidavits of

---

[1] Rule 19 was amended in 2007 for stylistic purposes only. *See Republic of Philippines v. Pimentel,* 553 U.S. 851, 855-56 (2008); Adv. Comm. Notes on the 2007 Amendment to Fed.R.Civ.P. 19 (2007). The previous rule referred to "necessary" persons in 19(a), which are now called "required" persons, and "indispensable" persons in 19(b), persons the rule now generally refers to as those required to be joined if feasible but who cannot be joined. *See id.*

persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Collier*, 17 F.3d at 1293 (internal quotation marks omitted). "A Rule 12(b)(7) motion will not be granted on the vague possibility that persons who are not parties may have an interest in the action." *Swartz v. Beach*, 229 F. Supp. 2d 1239, 1251, 1273 (D. Wyo. 2002) (internal quotation marks omitted) ("Plaintiff is not required to . . . collect[] evidence of every possible polluter into the Wildcat Creek.").

In *Collier*, the defendant attempted to show that an absent party had an interest in the litigation by submitting a letter from one of the defendant's directors, which stated the director's belief that the absent party shared an interest in the litigation. 17 F.3d at 1293. The Tenth Circuit held that such evidence was insufficient to sustain a Rule 12(b)(7) motion. *Id.* at 1294. In *Raytheon Co. v. Continental Cas. Co.*, 123 F. Supp. 2d 22, 32 (D. Mass. 2000), the defendant argued that, as plaintiff's insurer, "all other insurers who potentially provide coverage for [plaintiff's] environmental claims are necessary parties." Defendant, however, did not provide "any evidence as to the identity of any of the allegedly unnamed parties, much less whether the joinder of such parties [met] the other criteria of Rule 19," and the court denied defendant's Rule 12(b)(7) motion. *Id.*

### III. ANALYSIS

#### A. Motion to Dismiss

In resolving the CNA defendants' motion, the Court need not proceed beyond the first step of the Fed. R. Civ. P. 19 analysis. The CNA defendants state that the "contractors and sub-contractors who are insured under the National Union OCIP

policies have been omitted from this action and their rights may obviously be impaired by a ruling [in this case]." Docket No. 15 at 11. The CNA defendants also suggest that Engelberth and sub-contractors who were parties to the District of Vermont action and parties involved in the underlying actions cited in National Union's complaint are parties who may have claims under the National Union policies.[2] *Id.* at 6; Docket No. 1 at 4-5, ¶¶ 13, 15. However, the CNA defendants' motion otherwise fails to specifically name allegedly absent parties. Additionally, the Court notes that, since the CNA defendants' motion was fully briefed, several parties have entered the action as third-party defendants and intervenors. *See* Docket No. 136; Docket No. 204. The Court finds that the CNA defendants have failed to meet their burden of naming interested, but absent, parties. *See Raytheon*, 123 F. Supp. 2d at 32.

The CNA defendants also fail to meet their burden of showing the nature of the interest possessed by the allegedly absent parties. The CNA defendants again suggest that certain unnamed contractors and subcontractors may be harmed by a declaratory judgment as to the National Union policies' limits; however, the CNA defendants fail to provide affidavits or other evidence to show the nature and extent of such an interest. *See West Peninsular Title Co. v. Palm Beach Cnty.*, 41 F.3d 1490, 1492 (11th Cir. 1995) ("the County's citation to the record reveals only that it established the existence of adjoining landowners (not the nature of allegedly unprotected interests)"); *Raytheon*

---

[2]In its statement of facts, the CNA defendants' brief specifically mentions sub-contractors S.D. Ireland Concrete Construction Corp., NBJ Construction, Inc., Nicom Coatings Corp., and Paul Flanders d/b/a F&S General Contractors. *Id.* at 4. The CNA defendants fail to explain whether those particular sub-contractors are the allegedly absent parties upon which the CNA defendants base their argument.

*Co.* 123 F. Supp. 2d at 32.  The CNA defendants' reply brief includes an affidavit from Thomas Clavelle, Vice President and Chief Financial Officer for Engelberth, dated April 25, 2013, where Mr. Clavelle avers that Engelberth would be harmed if it had to wait until this case was resolved because Engelberth's potential liabilities adversely affect its ability to bid on projects.  Docket No. 52-1 at 7, ¶ 16.  Mr. Clavelle also avers that Engelberth would suffer a hardship if forced to litigate in both this case and the District of Vermont action.  *Id.* at 7-8, ¶¶ 17-18.  However, given that Engelberth withdrew its request to intervene in this action, *see* Docket No. 195, and given that the District of Vermont action is now closed, Mr. Clavelle's affidavit is largely moot.  Moreover, such evidence is, by itself, insufficient to meet the CNA defendants' burden.  *See JRG Capital Investors I, LLC v. Doppelt*, 2012 WL 2529256, at *3 (S.D. Tex. June 28, 2012) (rejecting argument that absent party was necessary because of interest in insurance proceeds).

The Court finds that the CNA defendants have failed to meet their burden of showing both the existence of absent parties and the nature of such parties' interest in this litigation.  As such, to the extent the CNA defendants seek dismissal of this case, the CNA defendants' motion is denied.

### B.  Motion to Abstain, Stay, or Transfer

The CNA defendants argue that, if this action results in a finding beneficial to National Union, then the recovery available to parties in the District of Vermont action will be limited.  Docket No. 15 at 13.  The CNA defendants also assert that the policy limit exhaustion issue has been raised in the District of Vermont action.  Docket No. 52

at 6. Because, on October 11, 2013, the parties to the District of Vermont action stipulated to the dismissal of all claims and because the District of Vermont action is now closed, the CNA defendants' argument for abstaining, staying, or transferring this case to the District of Vermont is now moot.[3] Thus, the Court will deny the CNA defendants' motion on this issue.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants National Fire Insurance Company of Hartford's and Continental Casualty Company's Motion to Dismiss Pursuant to Rule 12(b)(7), or to Stay, Abstain, and/or Transfer the Litigation to the Vermont District [Docket No. 15] is **DENIED**.

DATED March 14, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3] Because the CNA defendants' argument on this issue is moot, the Court need not decide whether this case and the District of Vermont action raised the same issues against the same parties, thus warranting application of the first-to-file rule. *See Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, 1999 WL 682883, at *2 (10th Cir. 1999) (unpublished) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) ("The first-to-file rule . . . may be invoked when a complaint involving the same parties and issues has already been filed in another district." (internal quotation marks omitted)).