# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 13-cv-00079-PAB-KMT

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,

        Plaintiff and Intervenor Defendant,

    v.

INTRAWEST ULC f/k/a INTRAWEST CORPORATION,
FEDERAL INSURANCE COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and
CONTINENTAL CASUALTY COMPANY,

        Defendants, and

INTRAWEST U.S. HOLDINGS, INC.,
INTRAWEST RESORTS, INC.,
UPPER BENCH DEVELOPMENT CORPORATION,
INTRAWEST CALIFORNIA HOLDINGS, INC.,
SIERRA STAR THREE DEVELOPMENT CORPORATION,
THE STRATTON CORPORATION, and
INTRAWEST STRATTON DEVELOPMENT CORPORATION,

        Intervenor Plaintiffs,

INTRAWEST ULC f/k/a INTRAWEST CORPORATION,

        Third-Party Plaintiff

    v.

WILLIS NORTH AMERICA, INC. f/k/a WILLIS CORROON CORPORATION,
WILLIS OF NEW YORK, INC.,
WILLIS INSURANCE BROKERAGE OF UTAH, INC.,
WILLIS OF NEW JERSEY, INC.,
WILLIS CONSTRUCTION SERVICES CORPORATION OF NEW JERSEY f/k/a WILLIS
CORROON CONSTRUCTION SERVICES CORPORATION OF NEW JERSEY,
WILLIS CORROON CONSTRUCTION SERVICES CORPORATION OF CONNECTICUT,
WILLIS CORROON CONSTRUCTION SERVICES CORPORATION,
WILLIS OF NEW HAMPSHIRE, INC. f/k/a WILLIS CORROON CORPORATION OF NEW
HAMPSHIRE, and
WILLIS OF MASSACHUSETTS, INC.,

        Third-Party Defendants.

**Exhibit 1**

1

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential commercial information or confidential information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential commercial information and/or confidential information that implicates the common law privacy interests of (a) the parties in this case; (b) insureds of the insurers in this case; and/or (c) reinsurers and/or retrocessionaires of the insurers in this case, specifically including, claims guidelines and/or manuals, information regarding reserves, reinsurance, and premiums. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial (including any appeals) of this case, including any mediation, settlement or other ADR proceedings.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a)      attorneys actively working on this case;

    (b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case, including any appeals;

    (c)      the parties to this case;

    (d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case, including any appeals;

    (e)      the Court and its employees ("Court Personnel") in this case;

    (f)      stenographic reporters who are engaged in proceedings necessarily

incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses in this case;

(h)     auditors, retrocessionaires, and reinsurers;

(i)     mediators or other ADR professionals involved in a mediation, settlement conference or other ADR proceeding in this case; and,

(j)     other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.      At the conclusion of this case, including all appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as

CONFIDENTIAL shall be maintained as CONFIDENTIAL and subject to the parties' document retention/destruction policies.

10.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 8th day of May, 2014:

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

422478