IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13-cv-00079-PAB-KMT

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Plaintiff/ Intervenor Defendant/Counter Defendant

v.

INTRAWEST ULC f/k/a INTRAWEST CORPORATION,
FEDERAL INSURANCE COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and
CONTINENTAL CASUALTY COMPANY,

    Defendants, and

INTRAWEST U.S. HOLDINGS, INC.,
INTRAWEST RESORTS, INC.,
UPPER BENCH DEVELOPMENT CORPORATION,
INTRAWEST CALIFORNIA HOLDINGS, INC.,
SIERRA STAR THREE DEVELOPMENT CORPORATION,
THE STRATTON CORPORATION, and
INTRAWEST STRATTON DEVELOPMENT CORPORATION,

    Intervenor Plaintiffs,

INTRAWEST ULC f/k/a INTRAWEST CORPORATION,

    Third-Party Plaintiff

v.

WILLIS NORTH AMERICA, INC. f/k/a WILLIS CORROON CORPORATION,
WILLIS OF NEW YORK, INC.,
WILLIS INSURANCE BROKERAGE OF UTAH, INC.,
WILLIS OF NEW JERSEY, INC.,
WILLIS CONSTRUCTION SERVICES CORPORATION OF NEW JERSEY f/k/a WILLIS
CORROON CONSTRUCTION SERVICES CORPORATION OF NEW JERSEY,
WILLIS CORROON CONSTRUCTION SERVICES CORPORATION OF CONNECTICUT,

WILLIS CORROON CONSTRUCTION SERVICES CORPORATION,
WILLIS OF NEW HAMPSHIRE, INC. f/k/a WILLIS CORROON CORPORATION OF NEW HAMPSHIRE,
WILLIS OF MASSACHUSETTS, INC., and
JOHN DOE WILLIS ENTITY,

    Third-Party Defendants, and

FEDERAL INSURANCE COMPANY,
INTRAWEST ULC f/k/a INTRAWEST CORPORATION,

Counter Claimant.

---

## ORDER

---

This matter is before the court on "National Union Fire Insurance Company of Pittsburgh, PA.'s Motion to Stay the June 25, 2015 Order Granting Intrawest ULC's Motion to Compel the Second Deposition of Christopher Weir" [Doc. No. 483] filed August 31, 2015.

The court notes that although the plaintiff has captioned its motion as an objection to the "second deposition of Christopher Weir," the objection to the court's order actually concerns the **first** deposition of Mr. Weir now scheduled for September 10, 2015. The former testimony elicited from Mr. Weir was actually the deposition of National Union Fire Insurance Company of Pittsburgh, PA. pursuant to Fed. R. Civ. P. 30(b)(6). That Rule provides

> [a] party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available *to the organization*. This

paragraph (6) *does not preclude* a deposition by any other procedure allowed by these rules.

*Id.* (emphasis added.)

Contrary to the plaintiff's argument, this court finds that application of the five factors outlined in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, Case No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) to the facts herein counsels against a stay of the Weir deposition.  The factors which a court should consider before granting a stay of proceedings are: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.  *Id*. at *2.

Plaintiff is seeking the stay so the court will find that factor one falls in Plaintiff's favor. In the context of this case, where other insurance companies are funding outside litigation and paying claims, staying the eventual outcome of the case likely works in Plaintiff's favor.  There is additional prejudice and burden on the Defendants, however, who have already brought this discovery issue to the court and received a ruling allowing them to take the individual deposition of Mr. Weir, an employee of the plaintiff and one of the adjusters on the claims concerning the insurance policies applicable to plaintiff's insured, Defendant Intrawest ULC.  Although the plaintiff has objected to this court's non-dispositive order, the burden on the plaintiff is very high; it must prove that the court's order was clearly erroneous and contrary to law.  Fed. R. Civ. P. 72. This court found simply that a party is entitled to take the deposition of a fact witness in his or her

individual capacity notwithstanding another party's designation of that particular employee to testify on behalf of the party organization on one or more specified topics.

The court will be inconvenienced if a stay is allowed. This court has spent considerable time organizing and scheduling this 2013 multi-party case, attempting to ensure all legitimate discovery can be completed by the extended close of discovery on September 30, 2015. Given the breadth of this case and the many ongoing claims which are being managed by and paid for by other insurance companies, any further stays on discovery will prejudice other parties, non-parties and the public at large.

Therefore, it is **ORDERED**

"National Union Fire Insurance Company of Pittsburgh, PA.'s Motion to Stay the June 25, 2015 Order Granting Intrawest ULC's Motion to Compel the Second Deposition of Christopher Weir" [Doc. No. 483] is **DENIED**.

Dated this 8th day of September, 2015.

BY THE COURT:

_/s/ Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge