**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-00079-PAB-KMT

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA,

    Plaintiff,

    v.

INTRAWEST ULC f/k/a INTRAWEST CORPORATION,
FEDERAL INSURANCE COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and
CONTINENTAL CASUALTY COMPANY,

    Defendants.

INTRAWEST ULC f/k/a INTRAWEST CORPORATION,

    Third-Party Plaintiff,

    v.

WILLIS NORTH AMERICA, INC. f/k/a WILLIS CORROON CORPORATION,
WILLIS OF NEW YORK, INC.,
WILLIS INSURANCE BROKERAGE OF UTAH, INC.,
WILLIS OF NEW JERSEY, INC.,
WILLIS CONSTRUCTION SERVICES CORPORATION OF NEW JERSEY f/k/a WILLIS CORROON CONSTRUCTION SERVICES CORPORATION OF NEW JERSEY,
WILLIS CORROON CONSTRUCTION SERVICES CORPORATION OF CONNECTICUT,
WILLIS CORROON CONSTRUCTION SERVICES CORPORATION,
WILLIS OF NEW HAMPSHIRE, INC. f/k/a WILLIS CORROON CORPORATION OF NEW HAMPSHIRE,
WILLIS OF MASSACHUSETTS, INC. and
JOHN DOE WILLIS ENTITY,

    Third-Party Defendants.

---

**INTRAWEST ULC'S MOTION TO EXCLUDE CERTAIN OPINION TESTIMONY OF
EDWARD J. MCKINNON**

Defendant Intrawest ULC ("Intrawest") submits this Motion to Exclude Certain Opinion Testimony of Edward J. McKinnon ("McKinnon"), an expert proffered by plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

**D.C.COLO.LCivR 7.1(A) Certification:** Counsel for Intrawest conferred with counsel for the other parties regarding this motion. Counsel for National Union opposes this motion. Counsel for Federal Insurance Company, Continental Casualty Company, and National Fire Insurance Company of Hartford oppose this motion in part. Counsel for third-party defendants Willis North America, Inc., *et al.* (collectively "Willis") takes no position regarding this motion.

## I.   SPECIFIC OPINIONS TO EXCLUDE

Pursuant to Federal Rule of Evidence ("Rule") 702, and this Court's Civil Practice Standard III.G, Intrawest moves to exclude testimony concerning the specific opinions and associated analyses identified in Section III below concerning McKinnon's September 30, 2015 Rebuttal Expert Report ("Rebuttal Report," attached hereto as Ex. 1) and related to McKinnon's October 27, 2015 deposition (excerpts attached hereto as Ex. 2). The Rebuttal Report is the only expert report that McKinnon disclosed in this litigation.

## II.   SUMMARY OF ARGUMENT

**A.   McKinnon Should Be Precluded From Opining On Issues Not Disclosed In His Rebuttal Report.**

McKinnon's Rebuttal Report does not disclose any opinions on either of the following two subjects: (1) whether National Union suffered any prejudice from Intrawest's alleged voluntary payments, and (2) the proper interpretation of the $5 million Products Completed Operations limit in the relevant insurance policies. Nevertheless, McKinnon's deposition testimony suggests that he may seek to offer such opinions at trial. This Court should preclude

2

McKinnon from testifying at trial about those undisclosed opinions.

B. **McKinnon Should Be Precluded From Opining On A Purely Factual Issue, Particularly When No Evidence Supports His Opinion.**

McKinnon's Rebuttal Report states that National Union's responses to Intrawest's insurance claims were influenced by whether Intrawest had already paid a particular claim to a third-party before reporting that claim to National Union. This Court should preclude McKinnon from offering an opinion at trial on this purely factual issue, particularly because no evidence supports McKinnon's opinion.

### III.   ARGUMENT

In a contemporaneously filed motion to exclude expert testimony, Intrawest describes the legal standards for determining the admissibility of expert testimony under the Rules. *See* Motion to Exclude Certain Opinion Testimony of Michael A. Rodman, Doc. No. 585 at pp. 5-6. Intrawest incorporates that description here by this reference.

A. **McKinnon Should Be Precluded From Opining On Issues Not Disclosed In His Rebuttal Report.**

**1.   The "Prejudice" Issue:**  National Union has made a "voluntary payments" argument in this lawsuit as an affirmative defense. More specifically, National Union argues that a voluntary payments provision in the relevant insurance policies (the "Policies") provides that the Policies "do not cover Intrawest's voluntary payments or assumptions of an obligation to pay without National Union's consent." *See* National Union's Motion for Summary Judgment (Doc. No. 549) at p. 46. As National Union admits, one issue raised by this voluntary payments argument is whether National Union suffered any prejudice from Intrawest's alleged voluntary payments. *Id.* at 46-48. *See, e.g., Stresscon Corp. v. Travelers Prop. Cas. Co. of Am.,* No.

3

11CA1239, 2013 WL 4874352, at *4 (Colo. App. Sept. 12, 2013) (requiring an insurer to establish prejudice to deny coverage based upon the voluntary payments provision).

Intrawest's expert James Schratz opined in his August 30, 2015 expert report that National Union's voluntary payments argument was meritless and contrary to industry practice. *See* Excerpts From Schratz Expert Report, attached as Exhibit 3 hereto, at pp. 12 & 14. McKinnon's Rebuttal Report responds by stating: "In my opinion, Mr. Schratz' (sic) cannot rule out possible success of a voluntary payments defense, but whether a voluntary payments defense ultimately could succeed is a question of fact that will be decided by the trier of fact, not an expert." Ex. 1 at p. 11.

McKinnon's Rebuttal Report does *not* discuss whether National Union suffered any prejudice from Intrawest's alleged voluntary payments. *See* Ex. 1. In fact, McKinnon's Rebuttal Report does not include the word "prejudice" at all. *Id.*

At one point in his deposition, McKinnon suggested that he had not investigated (and consistent with his Rebuttal Report, presumably had no opinion about) the issue of whether prejudice to National Union was a coverage issue. More specifically, McKinnon testified as follows:

> Q: Did you see any evidence that National Union was prejudiced by Intrawest's settlement of that claim?
>
> A: The facts of the settlement, the timing of the settlement creates possibility of prejudice. I didn't investigate whether it be prejudice (sic) within the – at – at a level that would be a factor in coverage.

Ex. 2 at p. 191, ll. 8-13.

At other points in his deposition, however, McKinnon suggested that (despite not mentioning "prejudice" in his Rebuttal Report) he might opine on the insurance coverage issue

4

of whether National Union had suffered prejudice. For example, McKinnon testified as follows:

> Q: Okay. So if – if – what else would National Union need to know?
>
> A: Whether there was prejudice, the extent of that prejudice; whether there were any of its rights had been lost (sic) because of that.
>
> Q: Did you see any evidence that National Union was prejudiced by Intrawest's settlement of the Solstice claim?
>
> THE WITNESS: Yes, it was put in a position where at least there was some prejudice because it had to defend other contractors in the -- in that litigation brought by Intrawest to try to recover the money it had paid.

*Id.* at p. 147, ll. 5-19 (objection omitted).

Despite any contrary suggestion in his deposition testimony, McKinnon cannot offer opinion testimony on the issue of whether National Union suffered any prejudice from Intrawest's alleged voluntary payments because McKinnon failed to disclose any such opinion in his Rebuttal Report. *See* FED. R. CIV. P. 26(a)(2)(B) (expert's written report must contain "a complete statement of *all opinions* the witness will express and the basis and reasons for them") (emphasis added) *and* 37(c)(1) (if a party fails to disclose information under Rule 26(a), it cannot use that information at trial). *See also Carbaugh v. Home Depot USA, Inc.*, No. 13-cv-02848-REB-MEH, 2014 WL 3543714, at *1-5 (D. Colo. July 16, 2014) (entering order that experts could not testify at trial concerning specific undisclosed opinions). This Court should preclude McKinnon from testifying about that issue at trial.

    **2.** **The "PCO Aggregate Limit" Interpretation Issue:** An important issue in this litigation is whether the $5 million Products Completed Operations Aggregate ("PCO") limit in the Policies should be interpreted to apply separately per project, or should instead be interpreted as a more narrow limitation. McKinnon's Rebuttal Report refers several times to a dispute

5

regarding the proper interpretation of the limitation (which he refers to as the "PCO Aggregate Limit"), but his Rebuttal Report never discloses any opinion regarding *how* the PCO Aggregate Limit should be interpreted, or *why*. *See* Ex. 1.

At certain times during his deposition, McKinnon seemed to agree that the parties' various claims regarding the proper interpretation of the PCO Aggregate Limit were not issues that National Union has asked him to address in his Rebuttal Report. More specifically, McKinnon testified as follows:

> Q:  Well, earlier you indicated that we had a claim in this lawsuit related – related to the products completed operations aggregate.  I am trying to set that aside, so – to make sure that we are not talking about that claim.  Does that make sense?
>
> A:  That was not a claim that I was asked to consider.  I was aware that it was an issue.

Ex. 2 at p. 38, ll. 2-9.  *See also id.* at p. 166, ll. 15-19.

At another point in his deposition, however, McKinnon equivocated on this issue. More specifically, McKinnon testified as follows:

> Q:   Do you anticipate offering any opinion at trial regarding the products completed operation aggregate limit?
>
> A:  The only – the only reason it is all relevant, it is one of the factors that National Union was considering when it proceeded with the claim that we are talking about.  I don't know what the right answer is and I have not been asked to look at that.

*Id.* at p. 167, ll. 3-11.

Despite any equivocation during his deposition testimony, McKinnon cannot offer opinion testimony on the issue of the proper interpretation of the PCO Aggregate Limit because McKinnon failed to disclose any such opinion in his Rebuttal Report.  *See* FED. R. CIV. P. 26(a)(2)(B) *and* 37(c)(1).  *See also Carbaugh*, 2014 WL 3543714, at *1-5.  This Court should

6

preclude McKinnon from testifying on that issue at trial.

### B. McKinnon Should Be Precluded From Opining On A Purely Factual Issue, Particularly When No Evidence Supports His Opinion.

The evidence at trial will show that, prior to National Union raising the voluntary payments issue as an argument in this lawsuit, National Union never communicated to Intrawest in any fashion that any alleged voluntary payments by Intrawest (*e.g.*, any Intrawest payment or settlement of a third-party claim before reporting that claim to National Union) was a coverage issue under the Policies.

Nevertheless, McKinnon opines as follows in his Rebuttal Report: "Rather than Mr. Schratz' position that National Union's responses to Intrawest's claims were inconsistent, *I believe it is more accurate to say that National Union's responses to Intrawest's claims were influenced by whether Intrawest had already paid a particular claim before it was reported to National Union*…." *See* Ex. 1 at p. 6 (emphasis added).

McKinnon's Rebuttal Report cites no evidence to suggest that National Union's pre-litigation responses to Intrawest's claims were "influenced by whether Intrawest had already paid a particular claim before it was reported to National Union." *Id.*  In fact, during his deposition McKinnon seemed to admit that, at least to his knowledge, the method by which National Union first provided notice to Intrawest of an alleged voluntary payments issue arising from Intrawest having already settled a claim was by National Union raising that issue *in this lawsuit*. As McKinnon testified:

> Q:  Did you see any communication from National Union to Intrawest telling Intrawest that it was wrong to have reached that settlement in the timing and manner in which it did?
>
> A:  I understand that is one of the issues in this litigation.  *So presumably it is*

7

> *communication in the form of litigation.* I didn't see anything in the claim notes that I recall sitting here.

Ex. 2 at p. 195, ll. 3-12 (emphasis added; objection omitted).

In any event, McKinnon cannot simply opine that a fact exists (*i.e.* that National Union's responses to Intrawest's claims were influenced by whether Intrawest had already paid or resolved a particular claim before providing notice to National Union), particularly when the evidence at trial will be that no such fact exists.

Such an opinion about a purely factual issue would not be helpful to the jury, and would usurp the jury's fact-finding function. *See, e.g.*, Rule 702 ("the expert's scientific, technical, or other specialized knowledge" must be helpful to the trier of fact); *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (an expert witness's testimony "may not usurp the jury's fact-finding function."); *Gianfrancisco v. Excelsior Youth Ctrs., Inc.*, No. 10-CV-00991-PAB-KMT, 2012 WL 2890916, at *6 (D. Colo. July 16, 2012) ("this is the type of opinion where the 'normal experiences and qualifications of laymen jurors are sufficient for them to draw a proper conclusion from given facts and circumstances, and expert witness is not necessary and is improper.'") (*quoting Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002)).

This Court should preclude McKinnon from testifying as to whether National Union's responses to Intrawest's insurance claims were influenced by whether Intrawest had already paid or resolved a particular claim before such claim was reported to National Union.

### IV.   CONCLUSION

For the foregoing reasons, Intrawest respectfully requests that the Court grant this motion and preclude McKinnon from testifying at trial concerning: (1) whether National Union suffered any prejudice from Intrawest's alleged voluntary payments, (2) the proper interpretation of the

8

$5 million Products Completed Operations aggregate limitation, and (3) whether National Union's responses to Intrawest's insurance claims were influenced by whether Intrawest had already paid or resolved a particular claim before such claim was reported to National Union.

DATED: November 24, 2015.

                              Respectfully Submitted,

                              SHERMAN & HOWARD

                              */s/Katherine D. Varholak*
                              Christopher R. Mosley
                              Katherine Dawson Varholak
                              Kellie Nelson Fetter
                              633 Seventeenth Street, Suite 3000
                              Denver, CO 80202
                              (303) 299-8428
                              cmosley@shermanhoward.com
                              kvarholak@shermanhoward.com
                              kfetter@shermanhoward.com

                              ATTORNEYS FOR PLAINTIFF INTRAWEST

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November, 2015, I electronically filed the foregoing with the Clerk of the Court via CM/ECF system which will send notification to:

Douglas A. Stevens
Caplan and Earnest LLC
1800 Broadway, #200
Boulder, CO  80302-52889
dastevens@celaw.com

Matthew J. Fink
Joseph P. Lang
Jared Clapper
Ian A. Cooper
Nicolaides Fink Thorpe Michaelides Sullivan LLP
71 South Wacker Drive, Suite 4400
Chicago, IL  60606
mfink@nicolaidesllp.com
jlang@nicolaidesllp.com
jclapper@nicolaidesllp.com
icooper@nicolaidesllp.com

Brett M. Godfrey
James A. Johnson
Aimee M. Bove
Ann Zellner Nolte
Godfrey Johnson, P.C.
9557 South Kingston Court
Englewood, CO  8012-5952
godfrey@gojolaw.com

Cathleen Hopfe Heintz
Wilson Elser Moskowitz Edelman
& Dicker, LLP
1225 17th Street, #2750
Denver, CO 80202
Cathleen.heintz@wilsonelser.com

Dean J. Vigliano
Colliau Elnius Murphy Carluccio Keener &

Paul D. Motz
John W. Patton, Jr.
John A. Ouska
Patton & Ryan, LLC
330 N. Wabash Ave., Suite 3800
Chicago, IL 60611
pmotz@pattonryan.com
jpatton@pattonryan.com
jouska@pattonryan.com

Michael P. O'Bresly
Colliau Carluccio Keener Morrow
Peterson & Parsons
555 Mission Street, #330
San Francisco, CA  94105
michael.o'bresly@cna.com

Elizabeth Banzhoff
Leonard H. MacPhee
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO  80202
ebanzhoff@perkinscoie.com
lmacphee@perkinscoie.com

John Piskora
David M. Satnick
Lindsay Feuer
Geri Papa
Loeb & Loeb LLP
345 Park Avenue
New York, NY  10154
jpiskora@loeb.com
dsatnick@loeb.com
lfuer@loeb.com
gpapa@loeb.com

Morrow-NY
125 Broad St.,7th Floor
New York, NY 10004-2400
Dean.Vigliano@cna.com

        /s/   *Kathy Norris*
           Kathy Norris