IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00079-PAB-KMT

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

    Defendant.

# ORDER

This matter is before the Court on National Union's Motion to Review Taxation of Costs [Docket No. 801] filed by plaintiff National Union Fire Insurance Company of Pittsburgh, PA.

## I. BACKGROUND

This case arose out of a hard-fought insurance coverage dispute. Docket No. 1. Ultimately, the Court entered summary judgment in favor of plaintiff on its declaratory judgment claim and on defendant's counterclaims, which included claims under Colorado law. Docket No. 785. On September 30, 2016, final judgment was entered. Docket No. 786.

On October 14, 2016, plaintiff filed a proposed bill of costs, seeking $647,198.44. Docket No. 788. On October 27, 2016, the Clerk of Court held a hearing on plaintiff's bill of costs and verbally indicated what costs were recoverable. Docket No. 801 at 5. On November 14, 2016, the Clerk of Court entered a written taxation of

$53,363.67 in costs. Docket No. 798. The Clerk of the Court awarded costs only pursuant to 28 U.S.C. § 1920 and, through an apportionment, awarded only one-third of some amounts sought based on there originally being three defendant groups. *Id*. at 2. On November 21, 2016, plaintiff filed its motion for review. Docket No. 801. After withdrawing some costs, plaintiff now seeks $506,564.70. Docket No. 803 at 10.

## II. ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." "[T]he taxing of costs pursuant to Rule 54(d)(1) rests in the sound judicial discretion of the trial court, and an abuse of that discretion occurs only where the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002) (internal citations omitted). Rule 54 "creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (citing *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980)). The Court's discretion to award or deny costs is restrained by the requirement that "it must provide a valid reason for not awarding costs to a prevailing party." *Cantrell*, 69 F.3d at 459 (citing *Serna*, 616 F.2d at 1167-68).

Section 1920 of Title 28 provides that the Clerk of Court may tax the following items as costs awarded pursuant to Fed. R. Civ. P. 54(d)(1):

(1) Fees of the clerk and marshal;

>    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>    (3) Fees and disbursements for printing and witnesses;
>
>    (4) Fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case;
>
>    (5) Docket fees under section 1923 of this title;
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The party seeking costs bears the burden of establishing that the requested sums were reasonably necessary to the litigation. *Allison*, 289 F.3d at 1248-49. Courts must evaluate the reasonableness of each expenditure according to the "particular facts and circumstances at the time the expense was incurred" and not with the benefit of hindsight. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).

"Although the Clerk of the Court taxes costs in the first instance, this Court's review of the Clerk's decisions is de novo." *Gruppo v. FedEx Freight Sys., Inc.*, No. 05-cv-02370-MSK-KLM, 2008 WL 3211287, at *3 (D. Colo. Aug. 6, 2008) (citing *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 461 (3d Cir. 2000)). Plaintiff alleges four errors in the Clerk of Court's taxation of costs. Docket No. 801.

### A. Travel Costs Under Colorado Law

First, plaintiff argues that travel costs incident to the taking of depositions and other travel costs should be awarded pursuant to Colo. Rev. Stat. §§ 13-16-104, 13-16-122. Docket No. 801 at 7. Plaintiff is not entitled to recover such costs pursuant to

Colo. Rev. Stat. § 13-16-104 because plaintiff did not "recover[] any debt or damages" on the declaratory judgment claim it brought as plaintiff.[1]  Under Colo. Rev. Stat. § 13-16-105, plaintiff is entitled to an award of costs for its successful defense of defendant's state law counterclaims.  Section 13-16-122(1)(g) provides that a court may award "[a]ny costs of taking depositions for the perpetuation of testimony, including reporters' fees, witness fees, expert witness fees, mileage for witnesses, and sheriff fees for service of subpoenas."  This provision also allows recovery of certain travel expenses.  *See Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1194 (Colo. App. 2011) (citing *Cherry Creek Sch. Dist. No. 5 v. Voelker by Voelker*, 859 P.2d 805, 813 (Colo. 1993)).

Defendant responds that an award of costs under Colo. Rev. Stat. § 13-16-122 would be inappropriate because any such award is discretionary, not mandatory, under Colorado law.  Docket No. 802 at 2.  Defendant relies on *Chaparral Resources, Inc. v. Monsanto Co.*, 849 F.2d 1286, 1292 (10th Cir. 1988), for the proposition that "[o]nly if there is an express [as opposed to a discretionary] mandate pursuant to state law, which does not conflict with federal law, are additional cost to be taxed against a nonprevailing party."  Docket No. 802 at 2.  In *Chaparral*, the Tenth Circuit analyzed whether Colo. Rev. Stat. § 13-33-102(4), which allowed awarding expert witness fees as costs, conflicted with the general $30-per-day statutory limit on witness fees in 28 U.S.C. § 1821.  849 F.2d at 1292.  The court began by noting that, "[a]bsent explicit

---

[1] Colorado law does award costs for successfully defending declaratory judgment claims.  Colo. Rev. Stat. § 13-16-122; *Gilmore v. Rubeck*, 708 P.2d 486, 487 (Colo. App. 1985).

4

statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Id*. (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). As a result, the court stated that, "unless authorized by statute or express agreement, a party's expert witness fees are recoverable only up to the $30-per-day statutory limit applicable to any witness." *Id*. (citations omitted). In other words, the court determined that § 1821 set limitations on the award of expert witness fees that the district court did not observe. *See id.* ("The district court recognized, but declined to follow, the federal rule regarding the taxation of expert witness fees as costs."). The court concluded that, "[b]ecause the Colorado statute relied on by the district court does not explicitly authorize the assessment of expert witness fees as costs, the court was bound by the limitations set out in the federal costs statute and, as a consequence, its taxation of expert witness fees must be limited to the per diem fee specified in 28 U.S.C. § 1821." *Id*. at 1293.

Defendant is correct that *Chaparral* discusses the distinction between express and discretionary state cost statutes. However, that discussion arose in the context of determining whether § 13-33-102(4) was an "explicit statutory" authorization of expert witness fees that would justify the district court not following the $30-per-day fee of 28 U.S.C. § 1821. The court cited Colorado case law holding that awards of expert witness fees under § 13-33-102(4) were committed to the discretion of the court. *Id*. at 1292. The court then concluded that a "discretionary award of costs is not tantamount to an express statutory mandate." *Id*. The Tenth Circuit has subsequently recognized

5

that the holding of *Chaparral* should be read in the context of a state cost statute that conflicted with a federal cost statute. "*Chaparral* dealt with the comprehensive witness fee scheme of 28 U.S.C. § 1821. . . . Insofar as elements of 'actual costs' do not fall within such a comprehensive federal scheme, *Chaparral* is not controlling here." *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1178 n.8 (10th Cir. 2000).

In this case, there is no conflict between federal law and Colorado law because federal law does not provide for or limit recovery of the deposition and travel expenses plaintiff seeks under Colo. Rev. Stat. § 13-16-122. *See Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 78 F. Supp. 3d 1307, 1320 (D. Colo. 2014), *amended*, No. 12-cv-02308-CMA-CBS, 2014 WL 7187153 (D. Colo. Dec. 17, 2014), *aff'd*, 827 F.3d 1256 (10th Cir. 2016). As a result, "*Chaparral* is not controlling here." *Garcia,* 209 F.3d at 1178 n.8.[2]

The Court agrees with the other courts in this district that have determined that Colo. Rev. Stat. § 13-16-122 is not preempted by 28 U.S.C. § 1920 and should be applied when this Court is sitting in diversity to prevent forum shopping and the inequitable administration of the laws. *Home Loan Inv. Co.*, 78 F. Supp. 3d at 1321;*Thomas*, 2015 WL 7294573, at *3 (citing *Garcia,* 209 F.3d at 1177-78). Thus, the Court will award plaintiff's deposition-related expenses and travel expenses.

---

[2] Even if it is appropriate to apply the mandatory versus discretionary distinction of *Chaparral*, the Court agrees with the analysis of *Thomas v. Cummins Engine Co., Inc.*, No. 13-cv-02587-WJM-KMT, 2015 WL 7294573, at *3 (D. Colo. Nov. 19, 2015), that "§ 13-16-104 is an explicit statutory authorization to award all costs recoverable under § 13-16-122 which are not unreasonable. If a cost is recoverable under §§ 13-16-122 and 13-16-104, then it fits the *Chaparral* exception."

## B. Costs for Materials Not Used at Summary Judgment

Second, plaintiff argues that the Clerk of Court incorrectly limited recoverable costs to those incurred in connection with the depositions and materials that were cited in its summary judgment briefs and, as a result, did not award hearing or transcript costs and printing or copying costs. Docket No. 801 at 9; *see* Docket No. 798 at 3-4. The Court agrees that the scope of materials that are "necessarily obtained for use in the case" under 28 U.S.C. § 1920 is broader than simply those materials that bore some relation to the successful dispositive motion. The Tenth Circuit rejected the contention that recoverable expenses are limited to materials actually used in favor of a case-by-case determination of whether the expenses were "reasonably necessary for use in the case at the time the expenses were incurred." *In re Williams Sec. Litig.-WCG Subclass,* 558 F.3d at 1149 (internal quotation marks omitted).

Rather than challenging plaintiff's second argument, defendant argues that plaintiff has not met its burden of showing that its costs were reasonably incurred. Docket No. 802 at 10. Defendant identifies numerous expenses that it argues are "excessive, unreasonable, and at times outright fraudulent." *Id*. at 4. Plaintiff replies with an explanation for many of its expenses and withdraws certain others. Docket No. 803 at 6-10. Plaintiff's burden to prove reasonable necessity is generally "not . . . a high one" and the Court, with one exception, agrees that plaintiff has met its burden to show its costs were reasonably incurred through the materials and affidavits provided. *See Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1259 (10th Cir. 1998). The exception is a $209.09 meal supported only by an un-itemized receipt. *See*

7

Docket No. 788-10 at 92; *see also* Docket No. 803-1 at 2, ¶ 10 (Fink declaration citing an illegible report, Docket No. 788-10 at 83, and failing to explain why the more than $100 per person meal in Denver was reasonable). The Court will tax the other costs sought by plaintiff as reasonably necessary.

### C. Apportionment

Third, plaintiff argues that costs should be taxed against defendant jointly and severally. Docket No. 801 at 11. Specifically, plaintiff requests that the Court overturn the Clerk of Court award of only one-third of certain requested costs to account for the two other groups of former defendants that settled prior to the summary judgment order. Docket No. 798 at 2-4. Defendant responds that the Clerk of Court's "apportionment" is appropriate because the stipulations of dismissal for the former defendants state that the parties would bear their own costs and argues that apportioning each cost by defendant would be "most likely impossible." Docket No. 802 at 13; *see also* Docket Nos. 656, 657, 682, 782. The Court agrees with defendant that the Clerk of Court's method was appropriate in light of the stipulations of dismissal. *See In re Paoli R.R. Yard PCB Litigation*, 221 F.3d at 469 ("[A] district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fit." (citations omitted)).[3] The Court will additionally

---

[3] Defendant argues, without support, that certain depositions related only to bad faith claims brought by a former defendant, Docket No. 802 at 11, but plaintiff claims that many of these witnesses were asked about issues related to the insurance policy at issue and that defendant's counsel attended these depositions and questioned some of the witnesses. Docket No. 803 at 4. Defendant does not argue that these depositions were unnecessary, and the Court finds that it is reasonable to tax the costs related to these depositions in light of its equal apportionment despite defendant remaining in the case longer than the former defendants.

apportion the other costs awarded herein, including those awarded under Colorado law. *See Winkler v. Rocky Mountain Conference of United Methodist Church*, 923 P.2d 152, 162 (Colo. App. 1995), *as modified on denial of reh'g* (Jan. 18, 1996) ("[T]he trial court's right to allocate costs between defendants is discretionary.").[4]  Plaintiff cites various cases where fees or costs were awarded jointly and severally against multiple parties, but those cases are distinguishable because they involved sanctions or outrageous conduct.  *See* Docket No. 801 at 12-13 (citing cases).

### D.  Postage and Delivery Costs

Fourth, plaintiff argues that its postage and delivery costs should have been taxed.  Docket No. 801 at 14 (citing *Home Loan Inv. Co.*, 78 F. Supp. 3d at 1323). Defendant does not contest this issue other than to argue that plaintiff has not submitted documentation that plaintiff was actually billed for such services.  *See* Docket No. 802 at 11.  However, the documentation submitted in support of the bill of costs shows that plaintiff was billed for separately-itemized postage and delivery costs.  *E.g.*, Docket No. 788-17 at 44 ("Postage 10.36") and at 46 (various UPS delivery charges). Accordingly, such costs are recoverable here, and the Court will award them, subject to apportionment.  *Home Loan Inv. Co.*, 78 F. Supp. 3d at 1323 (citing *Kennedy v. King Soopers Inc.*, 148 P.3d 385, 389 (Colo. App. 2006)).

### III. CONCLUSION

For the foregoing reasons, it is

---

[4] Consistent with this determination, the Court also declines to tax the costs of serving the other former defendants.  *See* Docket No. 801 at 14.

**ORDERED** that National Union's Motion to Review Taxation of Costs [Docket No. 801] filed by plaintiff National Union Fire Insurance Company of Pittsburgh, PA is **GRANTED** in part and **DENIED** in part. Plaintiff National Union Fire Insurance Company of Pittsburgh, PA is awarded costs in the amount of $168,998.24.[5]

DATED September 19, 2017.

BY THE COURT:

  s/Philip A. Brimmer                    
PHILIP A. BRIMMER
United States District Judge

---

[5] The Court calculates this sum as follows: $212,549.75 (deposition travel expenses) + $51,405.98 (witness meeting travel) + $5,207.77 (trial preparation travel) + $20,960.36 (hearing travel) + $5,801.54 (mediation travel) + $1,260.80 (Mr. O'Farrell deposition costs) + $977.90 (Ms. Katz deposition costs) + $2,467.29 (hearing transcripts) +$48,259.86 (printing and copy costs) + $3,679.30 (postage and delivery costs) - $5,457.74 (withdrawn costs) - $209.09 (unreasonable meal) = $346,903.72. $346,903.72 ÷ 3 = $115,634.57. $115,634.57 + $53,363.67 (awarded by the Clerk of Court) = $168,998.24.